IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AARON PAUL MCLENDON**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:23-cv-00073-TBM-RPM**

**JOHN DOE**                                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Aaron Paul Mclendon's failure to comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the Wayne County Adult Detention Center in Waynesboro, Mississippi, [1-2], and the nature of his claims was unclear. On July 11, 2023, the Court ordered Plaintiff to file a written response on or before July 25, 2023, to clarify the nature of his claims. [7], p. 1. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with this or any other order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." [7], pp. 1-2. That Order [7] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "no longer housed here." [8] at 1. Plaintiff did not comply with the Court's Order [7] by the July 25 deadline.

On October 16, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [7]. [9], p. 1. Plaintiff's responsive deadline was extended to October 30, 2023, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him." [9], p. 2. The Order to Show Cause [9], with a copy of the Court's July 11 Order [7], was mailed to Plaintiff at

his last-known mailing address, and it not was returned to the Court as undeliverable. Plaintiff did not comply with the Court's Orders [7] [9] by the October 30 deadline.

On November 7, 2023, the Court entered a Second and Final Order to Show Cause [10] directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [7] [9]." [10], p. 2. Plaintiff was ordered to file a written response on or before November 21, 2023. [10], p. 2. Plaintiff was also ordered, on or before the November 21 deadline, to comply with the Court's July 11 Order [7] "by answering the questions posed therein." [10], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to him." [10], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [7] [9]." [10], p. 2. The Second and Final Order to Show Cause [10], with a copy of the Court's July 11 Order [7] and October 16 Order [9], was mailed to Plaintiff at his last-known mailing address and at the Jefferson/Franklin County Correctional Facility—where the Court learned through independent research that he had been relocated. [10], p. 2. The envelope addressed to Plaintiff at his last-known mailing address was returned to the Court as undeliverable, [11], p. 1, but the envelope addressed to Plaintiff at JFCCF was not returned to the Court as undeliverable.

Plaintiff did not comply with the Second and Final Order to Show Cause [10], and he has not communicated with the Court about his lawsuit since June 16, 2023 [5]—despite being warned six times that a failure to comply or to notify the Court about a change in address may lead to the dismissal of his case. *See* [2], p. 2; [4], p. 2; [6], pp. 2-3; [7], pp. 1-2; [9], p. 2; [10], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [7] [9] [10], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

THIS, the 18th day of December, 2023.

                                                 **TAYLOR B. McNEEL**
                                                 **UNITED STATES DISTRICT JUDGE**